UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SCOTT VANSLAMBROUCK, STACI
VANSLAMBROUCK,

               Plaintiff,

-vs-                                          Case No.  2:11-cv-76-FtM-29SPC

FAIRFIELD INDUSTRIES INCORPORATED,

               Defendant.

_____

## ORDER

This matter comes before the Court on Defendant, Fairfield Industries Incorporated's Contested Motion for Leave to Amend Motion to Dismiss (Doc. #10) filed on March 17, 2011. Plaintiffs have not filed a response in opposition to the Motion and the time to do so has expired.

Defendant moves to amend his Motion to Dismiss Plaintiff's Complaint which was previously filed on March 7, 2011 (Doc. #9). The Motion to Dismiss asserts a defense based on Federal Rule 12(b)(6), on the grounds that Plaintiffs failed to state a cause of action upon which relief can be granted because no employee-employer relationship existed between Plaintiff and Defendant. Defendant now asserts that it did not include in its Motion to Dismiss the additional defense based on lack of personal jurisdiction pursuant to Federal Rule 12(b)(2). Defendant's Motion to Amend is not clear as to why the additional defense was not included in the first Motion to Dismiss, but states that the omission was not made with any intent to obtain tactical advantage.

The first inquiry in the Court's analysis is whether the Defendant has waived the defense of lack of personal jurisdiction by the failure to include this defense in the original motion to dismiss. Rule 12(g) of the Federal Rules of Civil Procedure provides, in relevant part:

> A party who makes a motion under this rule may join with it any other motions herein provided for [including a motion to dismiss for lack of personal jurisdiction pursuant to Rule 12(b)(2)] and then available to the party. If a party makes a motion under this rule but omits therefrom any defense or objection then available to the party which this rule permits to be raised by motion, the party shall not thereafter make a motion based on the defense or objection so omitted, except a motion as provided in subdivision (h)(2) hereof on any of the grounds there stated.

Rule 12(h)(1) of the Federal Rules of Civil Procedure then provides:

> A defense of lack of jurisdiction over the person . . . is waived (A) if omitted from a motion in the circumstances described in subdivision (g), or (B) if it is neither made by motion under this rule nor included in a responsive pleading or an amendment thereof permitted by Rule 15(a) to be made as a matter of course.

Thus, failure to include the defense of lack of personal jurisdiction in a Rule 12(b) motion ordinarily results in waiver. In other words, if a defendant "wishes to raise [such a defense] he must do so at the time he makes his first significant defensive move – whether it be by way of a Rule 12 motion or a responsive pleading." 5A Wright & Miller, Federal Practice and Procedure: Civil 2D § 1391, at 752 (West 1990). However, in certain circumstances, the district court may permit a defendant who omits a defense from a motion to amend the motion with the additional defense. See Wright & Miller, Federal Practice and Procedure, Civil § 1475 (West 2010) ("[A]llowing the trial judge to exercise discretion to permit the amendment of motions under appropriate circumstances is in keeping with the liberal amendment policy of Rule 15(a) and in the absence of prejudice to the adverse party will help to insure that the case is decided on the merits."). Further, the Federal Rules of Civil Procedure Handbook, states, in relevant part:

> In considering such amendments, the court may examine whether the amendment request was filed before the Rule 12 motion was heard, the time interval between the original Rule 12 motion and the attempted correction, the moving party's good faith, and the likelihood that the omission was intentional and tactical, or merely inadvertent.

Baicker-McKee, et. al., Federal Civil Rules Handbook 486-87 (West 2011) (citations omitted).

In the instant case, the amendment request was filed before the Rule 12 motion was heard. Moreover, only 10 days passed between the filing of the original Motion to Dismiss and the Motion for Leave to Amend Motion to Dismiss. Thus, looking at the totality of the circumstances, there is no indication that the Defendant's omission was intentional or tactical.

Accordingly, it is now

**ORDERED:**

(1) The Defendant Fairfield Industries Incorporated's Contested Motion for Leave to Amend Motion to Dismiss (Doc. #10) is **GRANTED.** The Clerk of Court is directed to file Defendant's First Amended Motion to Dismiss Plaintiff's Complaint attached as Exhibit 1 to the instant Motion as a separate entry in the CM/ECF system. Plaintiff's response to the amended motion is due within the time allowed by the Local Rules.

(2) Defendant's first Motion to Dismiss (Doc. #9) is **DENIED as moot**.

**DONE AND ORDERED** at Fort Myers, Florida, this ___1st___ day of April, 2011.

SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record