UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SCOTT VANSLAMBROUCK, STACI VANSLAMBROUCK,

    Plaintiff,

vs.    Case No. 2:11-cv-76-FtM-29SPC

FAIRFIELD INDUSTRIES INCORPORATED,

    Defendant.
_____

**OPINION AND ORDER**

This matter comes before the Court on plaintiffs' Objection to Magistrate Judge's Order Granting Defendant's Motion for Leave to Amend Motion to Dismiss (Doc. #20) filed on April 6, 2011. Defendant filed a Response (Doc. #24) on April 15, 2011.

**I.**

On February 18, 2011, the Complaint (Doc. #2) originally filed in state court was filed in this court pursuant to a Notice of Removal. On March 7, 2011, defendant filed a Motion to Dismiss (Doc. #9) asserting that the Complaint must be dismissed for failure to state a claim upon which relief may be granted. No reference to a lack of personal jurisdiction was mentioned in this motion. On March 17, 2011, defendant filed a Contested Motion for Leave to Amend Motion to Dismiss (Doc. #10) seeking permission to amend its prior Motion to Dismiss to add the lack of personal jurisdiction as a basis for dismissal. On April 1, 2011, the magistrate judge entered an Order (Doc. #15) granting the motion to

amend after noting that no response had been filed and the time to do so had expired. Defendant's First Amended Motion to Dismiss (Doc. #16) was then docketed.

## II.

The Court agrees that the magistrate judge's Order was entered prior to the expiration of the fourteen day period in which defendant was entitled to file a response. See Glover v. City of Pensacola, 372 F. App'x 952, 953 n.1 (11th Cir. 2010). Therefore the Court will vacate the Order (Doc. #15) and consider the motion for leave to amend motion to dismiss *de novo*.

"Federal Rule of Civil Procedure 12(h) states unequivocally that a claim based on a 'lack of jurisdiction over the person . . . is waived . . . if it is neither made by motion under this rule nor included in a responsive pleading or an amendment thereof permitted by Rule 15(a) . . . .'" Stubbs v. Wyndham Nassau Resort & Crystal Palace Casino, 447 F.3d 1357, 1364 (11th Cir. 2006)(citing Fed. R. Civ. P. 12(h)). "It is well-settled that lack of personal jurisdiction is a waivable defect, and that a defendant waives any objection to the district court's jurisdiction over his person by not objecting to it in a responsive pleading or a Fed. R. Civ. P. 12 motion." Palmer v. Braun, 376 F.3d 1254, 1259 (11th Cir. 2004)(citing Lipofsky v. New York State Workers Comp. Bd., 861 F.2d 1257, 1258 (11th Cir. 1988)). A defendant who files a motion to dismiss which does not assert the defense of lack of personal

jurisdiction has waived the defense.  Fed. R. Civ. P. 12(h)(1); Lane v. XYZ Venture Partners, LLC, 322 F. App'x 675, 678 (11th Cir. 2009); Uffner v. La Reunion Francaise, S.A., 244 F.3d 38, 41 (1st Cir. 2001).  Since it is undisputed that defendant's Motion to Dismiss did not include the assertion of lack of personal jurisdiction, and this defense was then available, it is waived.

The issue is whether a defendant can ever fix such an omission from an incomplete motion to dismiss.  It is clear, as plaintiffs point out, (Doc. #20, p. 6), that a motion to dismiss is not a pleading within the meaning of Rule 15(a).  See Fed. R. Civ. P. 7(a); Jacobs v. Tempur-Pedic Int'l, Inc., 626 F.3d 1327, 1344 (11th Cir. 2010).  The cases cited by plaintiffs nonetheless do not address the issue of amending a motion to dismiss.  The Court, like the magistrate judge and the parties, has found no procedural rule specifically addressing amendments to motions to dismiss.  The Federal Rules of Civil Procedure, however, are to "be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. A district court possesses inherent authority to control its proceedings, Martin v. Automobili Lamborghini Exclusive, Inc., 307 F.3d 1332, 1335 (11th Cir. 2002), as well as authority under 28 U.S.C. § 1651.

The Court will exercise its authority to allow the motion to dismiss to be amended.  The request to amend the motion was filed

a mere ten days after the original motion was filed, and prior to the time to respond had expired. The Court finds no bad faith, or intent to manipulate the court proceedings, and no prejudice to plaintiffs.

Accordingly, it is now

**ORDERED**:

1. Plaintiffs' Objection to Magistrate Judge's Order Granting Defendant's Motion for Leave to Amend Motion to Dismiss (Doc. #20) is **SUSTAINED.**

2. The Order (Doc. #15) is **VACATED**.

3. Defendant's Contested Motion for Leave to Amend Motion to Dismiss (Doc. #10) is **GRANTED,** and Doc. #16 shall be the operative motion to dismiss.

4. Plaintiffs shall file a response to the First Amended Motion to Dismiss (Doc. #16) within **FOURTEEN (14) DAYS** of the date of this Opinion and Order.

**DONE AND ORDERED** at Fort Myers, Florida, this ___15th___ day of June, 2011.

JOHN E. STEELE
United States District Judge

Copies:
Counsel of record