UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SCOTT VANSLAMBROUCK, STACI
VANSLAMBROUCK,

                Plaintiff,

-vs-                                                          Case No.  2:11-cv-76-FtM-29SPC

FAIRFIELD INDUSTRIES INCORPORATED,

                Defendant.
_____

**<u>ORDER</u>**

      This matter comes before the Court on Plaintiff's Motion to Amend Complaint (Doc. #37) filed on July 1, 2011.  The Defendant filed a response (Doc. #39) on July 15, 2011.  Therefore, the Motion is now ripe for review.

      On June 15, 2011, the Plaintiff's original Jones Act Negligence and Jones Act Failure to Provide Prompt, Proper, and Adequate Maintenance and Cure claims were dismissed without prejudice (Doc. #34).  The Plaintiff now moves the Court to Amend the Complaint.  The Defendant does not oppose Leave to Amend (Doc. #39).

      Under rule 15(a),  a party may amend the party's pleading as a matter of course within twenty-one (21) days after serving it or if the pleading is one which a responsive pleading is required twenty-one (21) days after service of the responsive pleading or twenty-one (21) days after service of a motion under Rule 12(b), (e), or (f) whichever, is earlier. Fed. R. Civ. P. 15(a)(1).  Otherwise, the Party must seek leave of court or written consent of the adverse party in order to amend the pleading. Fed. R. Civ. P. 15(a)(2).  "The decision whether to grant leave to amend a complaint is

within the sole discretion of the district court." Laurie v. Alabama Court of Criminal Appeals, 256 F.3d 1266, 1274 (11th Cir. 2001). However, pursuant to Fed. R. Civ. P. 15(a), timely motions for leave to amend are held to a very liberal standard and leave to amend should be freely given when justice so requires. Senger Brothers Nursery, Inc. v. E.I. Dupont De Nemours & Company, 184 F.R.D. 674, 678 (M.D. Fla 1999). Thus, Rule 15(a) limits the court's discretion by requiring that leave to amend must be "freely given when justice so requires." Foman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L.Ed.2d 222 (1962); Nat'l. Independent Theatre Exhibitors, Inc. v. Charter Financial Group, Inc., 747 F.2d 1396, 1404 (11th Cir. 1984). As a result, the Court must provide substantial justification if the Court denies a timely filed motion for leave to amend. Laurie, 256 F.3d at 1274. "Substantial reasons justifying a denial include 'undue delay, bad faith, dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment [and] futility of allowance of the amendment.'" Id.

Since leave to amend should be freely given when justice so requires, and the Plaintiff's Motion to Amend Complaint is unopposed. The Motion to Amend Complaint is due to be granted. Since the Complaint has been Amended, the Defendants Motion to Dismiss (Doc. #16) is due to be denied as moot.

Accordingly, it is now

**ORDERED:**

1. Motion to Amended Complaint (Doc. #37) is **GRANTED**. The Clerk of the Court is directed to file the Amended Complaint attached as Exhibit 1 to the instant Motion.

2. Motion to Dismiss Plaintiff's Complaint and Incorporated Memorandum of Law in Support Therefore (Doc. #16) is **DENIED AS MOOT**.

**DONE AND ORDERED** at Fort Myers, Florida, this ___25th___ day of July, 2011.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record